**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

LILIANA MARGARITA ARRAZOLA,

         Debtor.

_____/

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

LILIANA ARRAZOLA, *et al*.,

      Defendants.

_____/

Case No. 09-14246-LMI

Chapter 7

Case No.  12-31155 CA 25

**DEFENDANT, LILIANA ARRAZOLA'S NOTICE OF REMOVAL OF**
**PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIM**
**PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

      Defendant, Liliana Arrazola ("Defendant"), pursuant to 28 U.S.C. § 1452(a) and Federal Rule

of Bankruptcy Procedure 9027, removes the action styled *Kenland Walk IV Condominium*

*Association, Inc v. Liliana Arrazola,* Case No. 12-31155 CA 25 (the "State Court Litigation"), from

the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United

States Bankruptcy Court for the Southern District of Florida, Miami Division, and in support thereof,

states as follows:

## BACKGROUND

1.      This matter relates to the chapter 7 bankruptcy case of *In re Liliana Margarita Arrazola*, filed in the United States Bankruptcy Court for the Southern District of Florida, Case No. 09-14246-LMI, on March 12, 2009 (the "Bankruptcy Case").

2.      The Defendant was discharged on June 22, 2009.

3.      On or about November 8, 2012, Plaintiff filed its complaint in the State Court Litigation seeking to collect certain *in personam* debts arising from a property titled in Defendant's name.

4.      On February 6, 2013, the Defendant filed her Answer, Affirmative Defenses and Counterclaim, asserting that Plaintiff violated the discharge injunction, pursuant to 11 U.S.C. §§ 524(a)(2) and 727(b), and seeking declaratory and injunctive relief against Plaintiff/counter-defendant.

## AUTHORITY

5.      Jurisdiction over bankruptcy cases and proceedings is governed by 28 U.S.C. § 1334. Section 1334(b) states, in part: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.  28 U.S.C. § 1334(b).  The State Court Litigation arises under title 11, and is related to a case under title 11, i.e., the Bankruptcy Case. *See Id.*

6.      Removal of claims arising under title 11 and related to bankruptcy cases is governed by 28 U.S.C. § 1452. Section 1452(a) states, in part: "Any party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under 1334 of this title." 28 U.S.C. § 1452(a).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

7.      As set forth above, the district court has jurisdiction over the State Court Litigation because it arises under title 11 and/or is related to a case under title 11.

8.      Upon removal, the State Court Litigation constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A),(C),(I), & (O).[1]

9.      Rule 9027, Federal Rules of Bankruptcy Procedure, governs removal and states, in part: "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed. R. Bankr. P. 9027.

10.      Local Rule 87.2 states, in part, "The General Order of Reference also applies to notices of removal pursuant to Title 28, United States Code, Section 1452(a) which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District Court where such civil action is pending. The removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court." S.D. Fla. L.R. 87.2.

11.      Accordingly, pursuant to Fed. R. Bankr. P. 9027 and S.D. Fla. L.R. 87.2, the Notice of Removal of the State Court Litigation is properly filed with the Clerk of this Court.

Dated:   February 7, 2013.

[REMAINING PORTION OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] Defendant consents to the entry of final judgment by the bankruptcy court on all non-core matters.

3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
*Counsel for Defendant, Liliana Arrazola*
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395


By:    */s/ Drew M. Dillworth, Esq.*
DREW M. DILLWORTH
Florida Bar No. 0167835
ddillworth@stearnsweaver.com
ERIC J. SILVER
Florida Bar No. 057262
esilver@stearnsweaver.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Reinaldo Castellanos, Esq., Reinaldo Castellanos, P.A., 9960 Bird Road, Miami, FL  33165 (rey@castellanoslaw.com) via both electronic and U.S. Mail and by Notice of Electronic Filing by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing in this case on February 7, 2013.


*/s/ Drew M. Dillworth*
DREW M. DILLWORTH
Florida Bar No. 167835
ddillworth@stearnsweaver.com
ERIC J. SILVER
Florida Bar No. 057262
esilver@stearnsweaver.com

2666773

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

# EXHIBIT 1

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC.

a Florida not for profit corporation,

      Plaintiff,

vs.

LILIANA ARRAZOLA; and all unknown parties
claiming by, through, under and against the above
named Defendant who are unknown to be dead
or alive whether said unknown are persons, heirs,
devisees, grantees, or other claimants; UNKNOWN
TENANT, in possession of the subject real property,

      Defendant,

_____/

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 12-31155 CA 25

*(handwritten: # 1810  1.19.13  2:15 Pa  Refael Flores (Boyfriend))*

**ALIAS SUMMONS**

TO DEFENDANT:
**LILIANA ARRAZOLA**
7280 SW 90 STREET, #704
Miami, Fl 33156

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court, Dade County Courthouse, and 73 West Flagler Street, Miami, Florida 33130. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**REINALDO CASTELLANOS, P.A.**
**9960 Bird Road, Miami, FL 33165**
**Telephone: (305) 223-8744**

    In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator at (305) 349-7010 no later than seven days prior to the hearing; if you are hearing impaired, call 1-800-955-8771 (TDD); if you are voice impaired, call 1-800-995-8770 (V) (Via Florida Relay Services).

EACH SHERIFF OF THE STATE:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON _____NOV 2 7 2012_____, 2012

(SEAL)

HARVEY RUVIN
CLERK OF THE CIRCUIT COURT
By: _____RALPH GUEDES_____
        Deputy Clerk

## IMPORTANT

In accordance with the Americans with Disabilities Act of 1990, persons needing special accommodation to participate in this proceeding should contact the Court ADA Coordinator at (305)349-7175 or (305)349-7174 (T.D.D.), no later than (7) seven days prior to the proceeding.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pourrez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formule, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY FLORIDA

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC
a Florida not for profit corporation,

GENERAL JURISDICTION DIVISION

    Plaintiff,

vs.

CASE NO. **12 - 31 1 55CA 25**

LILIANA ARRAZOLA; and all unknown
parties claiming by, through, under and
against the above named Defendant who are
unknown to be dead or alive whether said
unknown are persons, heirs, devisees,
grantees, or other claimants; UNKNOWN
TENANT, in possession of the subject real
property,

    Defendant,
_____/

## COMPLAINT FOR FORECLOSURE
Fla. Bar No. 541389

    COMES NOW the Plaintiff, KENLAND WALK IV CONDOMINIUM ASSOCIATION,

INC, by and through its undersigned counsel, and hereby files this Complaint for Foreclosure

against the Defendant, LILIANA ARRAZOLA and alleges:

### ALL COUNTS

    1.    That the Plaintiff is a Florida corporation, not for profit, organized pursuant to

the provisions of Florida Statutes Section 718 et seq., for the purpose of operating KENLAND

WALK IV CONDOMINIUM ASSOCIATION, INC, Inc., pursuant to the Declaration thereof, as

recorded in Official Records Book 13446 at page 1859 of the Public Records of Miami-Dade

County, Florida.

    2.    That the Defendant, LILIANA ARRAZOLA is the owner of Condominium

Building Unit No. 102 in said condominium pursuant to a Deed and by virtue of such ownership of

said condominium unit, LILIANA ARRAZOLA is a member of the Plaintiff Condominium Association. Title to said unit is held subject to all the terms and provisions of the Declaration of Condominium, a copy being attached hereto, in pertinent part, as Plaintiff's Exhibit "A".

## COUNT I

That the Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 and 2 above and further alleges:

3.        That this is an action to foreclose a lien against said condominium unit pursuant to the Declaration of Condominium and Florida Statutes Section 718.116.

4.        That the Plaintiff is entitled to relief against the Defendant based upon the following set of facts:

(a)        That the Plaintiff Association has, pursuant to the Declaration of Condominium and Florida Statutes Section 718.101 et seq., made assessments against said unit and said Defendant, and said assessments have become due while said Defendant owned the unit. In addition, late fees and interest at the rate of 18% per annum have accrued thereon, pursuant to the Declaration of Condominium and Florida Statutes Section 718.116.

(b)        That the Plaintiff has caused its lien to be filed, pursuant to Florida Statutes Section 718.116, for the aforesaid assessments in the amount of $13,721.27, plus interest, attorney's fees and costs. Said lien is recorded in Official Records Book 28134 at Page 1737 of the Public Records of Miami-Dade County, Florida and said lien is for the purpose of securing payment to the Plaintiff Association of the above-mentioned delinquent assessments, late fees, interest, attorney's fees and costs accrued thereon to date of payment, a copy of said lien being attached hereto as Plaintiff's Exhibit "B".

(c)      That additional assessments and late fees have become due, or will become due, subsequent to the recording of Plaintiff's above-mentioned lien and said Defendant is obligated to pay these additional assessments to Plaintiff pursuant to Florida Statutes Section 718 et seq. and the involved Declaration of Condominium.

(d)      That the Plaintiff is entitled to the appointment of a receiver to collect the rent for the subject unit if the unit is rented or leased during the pendency of the foreclosure action pursuant to Florida Statutes Section 718.116(6)(c) and the involved Declaration of Condominium.

(e)      That the Plaintiff is entitled to a reasonable rental for the subject unit if the Defendant, LILIANA ARRAZOLA is in possession of the unit after a foreclosure judgment has been entered pursuant to Florida Statutes Section 718.116(6) (c) and the involved Declaration of Condominium.

5.      That notice of said lien and intention to foreclose thereon was sent by certified mail return receipt requested, to the Defendant, LILIANA ARRAZOLA on or about 4/04/2011, a copy being attached hereto as Plaintiff's Exhibit "C".

6.      That as a direct result of the Defendant failure to pay said assessments as they fell due, the Plaintiff has been forced to retain legal counsel and to pay said counsel a reasonable fee for services incurred herein and said amount is recoverable from said Defendant pursuant to Florida Statutes Section 718.116(6)(a) and the involved Declaration of Condominium.

7.      That said Defendant owe the Plaintiff, as of the date of the filing of this Complaint, the following amounts: unpaid principal balance through August 1, 2012 $10,784.69 late fees: $800.00; interest through the date of filing this action $2,781.05; Special Assessments: $3,879.99; Interest on Special Assessments: $4,200.90; demand letter; $550.00; notice of intent: $700.00; lien

costs: $61.50; title search: $250.00; title exam:  $450.00; copies: $75.50; service of process: $70.00; filing fees: $401.00; lis pendens $5.00; summons: $20.00; attorney's fees: $1,800.00 for a total of $26,829.63.  In addition, interest will continue to accrue and other charges and expenses may be incurred by Plaintiff, including, but not limited to, attorney's fees and costs, for which said Defendant is responsible.  **The Defendant must contact this firm at (305) 223-8744 to obtain updated payoff figures.**

WHEREFORE the Plaintiff prays that this Court enter its Final Judgment against the Defendant foreclosing the Plaintiff's Claim of Lien in the amount of $13,721.27 plus any and all regular and special assessments coming due after the date of recording said lien, together with costs, interest, late fees and reasonable attorney's fees and that this Court, in addition, adjudge that the Plaintiff has a lien upon all singular lands, premises and improvements described herein, superior to any right, title, claim or interest of the Defendant for the amount adjudged to be due and owing from Defendant, LILIANA ARRAZOLA to Plaintiff, and in the event the same is adjudged to be due, and the Plaintiff be not paid within the time limits set by this Court, that said property be sold according to law to satisfy the Final Judgment, and should a deficiency arise, that the Plaintiff be granted a judgment for such amount against the Defendant who is obligated to pay the judgment.

## COUNT II

That the Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 and 2 above and further alleges:

8.	That the Defendant, pursuant to Florida Statutes Section 718.101 et seq., and the involved Declaration of Condominium (Exhibit "A"), is obligated to pay to Plaintiff monthly

maintenance assessments and special assessments which are assessed by Plaintiff against the subject property herein.

9.      That said Defendant, pursuant to Florida Statutes Section 718.101 et seq., and the involved Declaration of Condominium (Exhibit "A"), is obligated to pay to Plaintiff late fees and interest on maintenance assessments and special assessments which are assessed against the subject property herein and which are not paid on or before the due dates for said assessments.

10.     That said Defendant has failed and refused to pay assessments, late fees, and interest thereon, which have been assessed against the subject property herein in the principal amount of $10,784.69 through August 1, 2012.  In addition, this sum continues to accrue in the amount of $297.66 per month for maintenance beginning September 1, 2012 plus the amount of $25.00 per month for late fees beginning September 15th, 2012, with interest on said amounts accruing at the rate of 18% per annum.

11.     That said Defendant owe the Plaintiff, as of the date of the filing of this Complaint, the following amounts: unpaid principal balance through August 1, 2012 $10,784.69 late fees: $800.00; interest through the date of filing this action $2,781.05; Special Assessments: $3,879.99; Interest on Special Assessments: $4,200.90; demand letter; $550.00; notice of intent: $700.00; lien costs: $61.50; title search: $250.00; title exam:  $450.00; copies: $75.50; service of process: $70.00; filing fees: $401.00; lis pendens $5.00; summons: $20.00; attorney's fees: $1,800.00 for a total of  $26,829.63.   In addition, interest will continue to accrue and other charges and expenses may be incurred by Plaintiff, including, but not limited to, attorney's fees and costs, for which said Defendant is responsible.  **The Defendant must contact this firm at (305) 223-8744 to obtain updated payoff figures.**

12.    That as a direct result of said Defendants' failure to pay said amounts as they fell due, the Plaintiff has been forced to retain legal counsel and to pay said counsel a reasonable fee for services incurred herein and said amount is recoverable from said Defendant pursuant to Florida Statutes Section 718.116 and the involved Declaration of Condominium.

WHEREFORE the Plaintiff prays for the entry of a judgment for damages against the Defendant, LILIANA ARRAZOLA, plus pre-judgment interest on a liquidated sum, costs and reasonable attorney's fees.

Respectfully submitted this 3 day of AUGUST 2012:

> Reinaldo Castellanos, P.A.
> *Attorneys for Plaintiff*
> 9960 Bird Road
> Miami, Florida 33165
> (305) 223-8744/fax (305) 223-8722
>
> BY: _____
>
> REINALDO CASTELLANOS, ESQ.

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC
a Florida not for profit corporation,

      Plaintiff,

vs.

LILIANA ARRAZOLA; and all unknown parties
claiming by, through, under and against the above
named Defendant who are unknown to be dead
or alive whether said unknown are persons, heirs,
devisees, grantees, or other claimants; UNKNOWN
TENANT, in possession of the subject real property,

      Defendant,

_____/

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

**12 - 31755CA 25**

NOTICE OF LIS PENDENS
Fla. Bar No. 541389

      TO THE DEFENDANT, LILIANA ARRAZOLA AND ALL OTHERS WHOM IT MAY

CONCERN: YOU ARE HEREBY NOTIFIED of the institution of this action by the Plaintiff against you

seeking to foreclose an assessment lien and sale of the property liened to satisfy the indebtedness of the

Defendant to the Plaintiff in the amount of $10,784.69 plus interest, costs and attorney's fees for an

assessment lien on the following property situated in Miami-Dade County, Florida, to-wit:

      **Unit 102 of KENLAND WALK IV Condominium Association, Inc, according to the
Declaration thereof, as recorded in Official Records Book 13446, Page 1859, of the
Public Records of Miami-Dade County, Florida. a/k/a 8811 SW 123 CT #102, Miami,
Fl 33186**

DATED this 3 DAY OF AUGUST 2012

                          Reinaldo Castellanos, P.A.
                          Attorneys for Plaintiff
                          9960 Bird Road
                          Miami, Florida 33165
                          (305) 223-8744/fax (305) 223-8722

      BY: _____

      REINALDO CASTELLANOS, ESQ.

1987 OCT 16 PM 12: 41                    87R396618

REF.
REC. 13446 PG 1859

## DECLARATION OF CONDOMINIUM

### ESTABLISHING

### KENLAND WALK CONDOMINIUM IV

CHARTERLAND ASSOCIATES, a joint venture under the laws of the State of Florida comprised of KENLAND CORP. and AMERIFIRST DEVELOPMENT CORPORATION, formerly CHARTER I, INC., both Florida corporations, having a principal place of business in Dade County, Florida, does hereby make and declare this Declaration of Condominium for KENLAND WALK CONDOMINIUM IV, being the property and improvements hereinafter described.

I

### ESTABLISHMENT OF CONDOMINIUM

CHARTERLAND ASSOCIATES, hereinafter called "DEVELOPER", is the owner of the fee simple title to the property situate in the County of Dade and State of Florida, more particularly described as follows, to-wit:

A portion of Tract A of KENLAND WALK, according to the Plat thereof, as recorded in Plat Book 127, Page 66, of the Public Records of Dade County, Florida, designated "Development Parcel IV" as more particularly described on Page 2 of Exhibit "A" hereto attached

hereinafter called "the PROPERTY", on which are dwelling units and other appurtenant improvements. DEVELOPER hereby submits the above described property and improvements to condominium ownership, and hereby declares the same to be a condominium to be known and identified as KENLAND WALK CONDOMINIUM IV, hereinafter referred to as "CONDOMINIUM".

II

### SURVEY AND DESCRIPTION OF IMPROVEMENTS

Attached hereto and expressly made a part hereof as Exhibit "A", is a survey of the land and graphic description and plot plan of the improvements constituting the CONDOMINIUM, identifying the PRIVATE DWELLINGS (sometimes referred to in this Declaration and other documents relating to the CONDOMINIUM as "Units") and COMMON PROPERTY, as said terms are hereinafter defined, and their respective locations and approximate dimensions. Each PRIVATE DWELLING is separately and distinctly identified as designated on Exhibit "A" and no PRIVATE DWELLING bears the same designation as any other PRIVATE DWELLING. The buildings included in the CONDOMINIUM improvements are of concrete block stucco construction in contemporary Mediterranean architectural style. Exhibit "A" also contains a survey of the land and graphic description of the improvements constituting the Recreation Parcel and Entry Feature Parcel which are not part of the CONDOMINIUM but which are for the benefit of residents of the CONDOMINIUM and residents of other portions of the land platted in the public records of Dade County, Florida, as KENLAND WALK subdivision.

III

### PRIVATE DWELLINGS AND COMMON PROPERTY

The CONDOMINIUM consists of PRIVATE DWELLINGS and COMMON PROPERTY as said terms are defined in this ARTICLE.



EXHIBIT

A

-1-

OFF. 1344 PG 1870

reconstruction of COMMON PROPERTY and PRIVATE DWELLINGS, as the case may be, after application of such insurance proceeds to repair, replacement or reconstruction as previously called for herein, such excess may be put into reserve account or accounts maintained by the ASSOCIATION if the ASSOCIATION so elects, provided that such contribution shall not cause any reserve to exceed any limitations upon such reserve.

## XXI

### LEASING OF PRIVATE DWELLINGS

Owners of PRIVATE DWELLINGS may lease their PRIVATE DWELLINGS provided that the following conditions are met and observed:

(a)     All leases shall be in writing and shall expressly provide that the Lessee shall comply with and abide by all of the covenants and restrictions pertaining to the use of PRIVATE DWELLINGS and COMMON PROPERTY contained in this Declaration of Condominium and rules and regulations established by ASSOCIATION;

(b)     All leases shall be for an initial term exceeding six (6) months;

(c)     Promptly upon execution of any lease, a copy thereof shall be furnished to ASSOCIATION together with the name, address and telephone number of the Lessee.

Should any Lessee fail to comply with said covenants, restrictions, rules and regulations, ASSOCIATION shall have the right to cancel and terminate such lease and cause the removal of the tenant, without obligation to the owner and for such purpose ASSOCIATION shall be the owner's agent, fully authorized to take such action as may be necessary to effect the cancellation and termination of the lease and removal of the tenant.

## XXII

### ASSOCIATION TO MAINTAIN REGISTER OF OWNERS AND MORTGAGEES

ASSOCIATION shall maintain a Register setting forth the names of the owners of all of the PRIVATE DWELLINGS, and, in the event of the sale or transfer of any PRIVATE DWELLING to a third party, the purchaser or transferee shall promptly notify ASSOCIATION in writing of his interest in such PRIVATE DWELLING, together with such recording information as shall be pertinent to identify the instrument by which such purchaser or transferee has acquired his interest in any PRIVATE DWELLING. Further, the owner of each PRIVATE DWELLING shall promptly notify ASSOCIATION of the names of the parties acquiring any mortgage or mortgages on any PRIVATE DWELLING, the amount of such mortgage or mortgages and the recording information which shall be pertinent to identify the mortgage or mortgages. The holders of any mortgage or mortgages upon any PRIVATE DWELLING may, if they desire, notify ASSOCIATION of the existence of any mortgage or mortgages held by them on any PRIVATE DWELLING, and upon receipt of such notice, ASSOCIATION shall register same in its records.

## XXIII

### ASSESSMENTS: LIABILITY, LIEN AND ENFORCEMENT

ASSOCIATION is given the authority to administer the operation and management of the CONDOMINIUM. To provide the funds necessary for such operation and management, the ASSOCIATION is directed, empowered and authorized to levy and collect assessments against PRIVATE DWELLINGS and the owners thereof, as follows:

A)     All assessments levied against the owners of PRIVATE DWELLINGS and said PRIVATE DWELLINGS shall be uniform and the assessments made by

-12-

OFF.
REC. 13440:1871

ASSOCIATION shall be in such proportion that the amount of assessment levied against each owner of a PRIVATE DWELLING and his PRIVATE DWELLING shall bear the same ratio to the total assessment made against all owners of PRIVATE DWELLINGS and their PRIVATE DWELLINGS as the undivided interest in COMMON PROPERTY appurtenant to each PRIVATE DWELLING bears to the total undivided interest in COMMON PROPERTY appurtenant to all PRIVATE DWELLINGS. Should ASSOCIATION be the owner of any PRIVATE DWELLING or PRIVATE DWELLINGS, the assessment which would otherwise be due and payable to ASSOCIATION by the owner of such PRIVATE DWELLING or PRIVATE DWELLINGS, reduced by the amount of income which may be derived from the leasing of such PRIVATE DWELLING or PRIVATE DWELLINGS by ASSOCIATION, shall be apportioned and assessment therefor levied ratably among the owners of all PRIVATE DWELLINGS which are not owned by ASSOCIATION, based upon the interests proportionate interests in COMMON PROPERTY, exclusive of the interests therein appurtenant to any PRIVATE DWELLING or PRIVATE DWELLINGS owned by ASSOCIATION.

B)    The assessment levied against the owner of each PRIVATE DWELLING and his PRIVATE DWELLING shall be payable in such installments and at such times as may be determined by the Board of Directors of ASSOCIATION, subject to the requirements of applicable laws, and governmental rules and regulations.

C)    The Board of Directors of ASSOCIATION shall establish an Annual Budget in advance, for each fiscal year which shall correspond to the calendar year, and such budget shall project all expenses for the forthcoming year which may be required for the proper operation, management and maintenance of the CONDOMINIUM, including a reasonable allowance for contingencies and reserves, such budget to take into account projected/anticipated income which is to be applied in reduction of the amounts required to be collected as an assessment each year. As a common expense of the ASSOCIATION, there shall be included the cost of maintaining present or future leaseholds, memberships and other possessory, use, or fee interests in lands or facilities, including, but not limited to country clubs, golf clubs, marinas and other recreational and communal facilities, whether or not contiguous to the lands of the CONDOMINIUM, to provide enjoyment, recreation or other use or benefit to owners of PRIVATE DWELLINGS, except assessments by KENLAND WALK PROPERTY OWNERS ASSOCIATION, INC., under the Declaration of Covenants and Restrictions referred to in Article XXXIII. Upon adoption of such Annual Budget by the Board of Directors of ASSOCIATION, copies of said Budget shall be delivered to each owner of a PRIVATE DWELLING and the assessments for said year shall be established upon such Budget, although the delivery of a copy of said Budget to each owner shall not affect the liability of any owner for such assessment. Should the Board of Directors at any time determine, in the sole discretion of said Board of Directors, that the assessments levied are or may prove to be insufficient to pay the costs of operation and management of the CONDOMINIUM, or in the event of emergencies, said Board of Directors shall have the authority to levy such additional assessment or assessments as it may deem to be necessary.

D)    The Board of Directors of ASSOCIATION, in establishing said Annual Budget for operation, management and maintenance of the Project, shall include therein a sum to be collected and maintained as a reserve account or fund for capital expenditures, deferred maintenance and replacement of COMMON PROPERTY, for any item for which the deferred maintenance expense or replacement cost is greater than $10,000.00, which reserve fund shall be for the purpose of enabling ASSOCIATION to replace structural and functional elements and mechanical equipment constituting a part of COMMON PROPERTY, and the replacement of personal property which may constitute a portion of the COMMON PROPERTY held for the joint use and benefit of all of the owners of all PRIVATE DWELLINGS. The amount to be reserved shall be computed by a formula which shall be based upon the estimated life and estimated replacement cost or deferred maintenance expense of each reserve item. The amount to be allocated to such Reserve Fund For Replacement shall be established by said Board of Directors so as to accrue and maintain at all times a sum reasonably necessary to anticipate the need for replacement of COMMON PROPERTY. The amount collected and allocated to the Reserve

-13-

OFF.
REC. 13446 PG 1872

Fund For Replacements from time to time shall be maintained in a separate account by ASSOCIATION, although nothing herein contained shall limit ASSOCIATION from applying any moneys in such Reserve Fund For Replacements to meet other needs or requirements of ASSOCIATION in operating or managing the Project in the event of emergencies, or in the event that the sums collected from the owners of PRIVATE DWELLINGS are insufficient to meet the then financial requirements of ASSOCIATION, provided that at a duly called meeting of members at which a quorum is present, members owning a majority of the PRIVATE DWELLINGS represented at the meeting vote to so use said moneys and to reduce correspondingly the Reserve requirements. The members present at a duly called meeting of the members, by vote of a majority of the members present at a duly called meeting of the members, may determine for a fiscal year to provide no reserves or reserves less adequate than herein required and such determination shall be binding upon the Board of Directors for that fiscal year.

E)      The Board of Directors of ASSOCIATION, in establishing said Annual Budget for operation, management and maintenance of the Project, may include therein a sum to be collected and maintained as a general operating reserve which shall be used to provide a measure of financial stability during periods of special stress when such sums may be used to meet deficiencies from time to time existing as a result of delinquent payment of assessments by owners of PRIVATE DWELLINGS, as a result of emergencies or for other causes placing financial stress upon the ASSOCIATION. The annual amount allocated to such operating reserve and collected therefor shall not exceed ten (10%) per cent of the current annual assessment levied against the owners of all PRIVATE DWELLINGS and their PRIVATE DWELLINGS. Upon accrual in said operating reserve of a sum equal to fifty (50%) per cent of the current annual assessment, no further payments shall be collected from the owners of PRIVATE DWELLINGS as a contribution to such operating reserve, unless such operating reserve shall be reduced below said fifty (50%) per cent level, in which event, contributions to such operating reserve may be included in the annual assessment so as to restore said operating reserve to an amount which will equal fifty (50%) per cent of the current annual amount of said assessments.

F)      All moneys collected by ASSOCIATION shall be treated as the separate property of ASSOCIATION, and such moneys may be applied by ASSOCIATION to the payment of any expense of operating and managing the CONDOMINIUM, or to the proper undertaking of all acts and duties imposed upon it by virtue of this Declaration of Condominium and the Articles of Incorporation and By-Laws of ASSOCIATION, and as moneys for any assessment are paid to ASSOCIATION by any owner of a PRIVATE DWELLING, the same may be co-mingled with moneys paid to ASSOCIATION by the other owners of PRIVATE DWELLINGS. Although all funds and common surplus, including other assets of ASSOCIATION, and any increments thereto or profits derived therefrom, or from the leasing or use of COMMON PROPERTY, shall be held for the benefit of the members of ASSOCIATION, no member of said ASSOCIATION shall have the right to assign, hypothecate, pledge or in any manner transfer his membership interest therein, except as an appurtenance to his PRIVATE DWELLING. When the owner of a PRIVATE DWELLING shall cease to be a member of ASSOCIATION by reason of his divestment of ownership of such PRIVATE DWELLING, by whatever means, ASSOCIATION shall not be required to account to such owner for any share of the funds or assets of ASSOCIATION, or which may have been paid to ASSOCIATION by such owner, as all moneys which any owner has paid to ASSOCIATION shall be and constitute an asset of ASSOCIATION which may be used in the operation and management of the CONDOMINIUM.

G)      The payment of any assessment or installment thereof due to ASSOCIATION shall be in default if such assessment, or any installment thereof, is not paid unto ASSOCIATION on or before the due date for such payment. When in default for more than fifteen (15) days, the delinquent assessment or delinquent installment thereof due to ASSOCIATION shall thereafter bear interest at the highest lawful rate per annum until such delinquent assessment or installment thereof, and all interest due thereon, has been paid in full to ASSOCIATION. If any Owner shall fail to pay any installment of an

-14-

OFF.
REC. 1344PG1873

assessment within thirty (30) days after its due date, the Board of Directors may declare the entire unpaid balance of that assessment immediately due and payable and interest shall thereafter accrue on the unpaid balance at the highest lawful rate.

H) The owner or owners of each PRIVATE DWELLING shall be personally liable, jointly and severally, as the case may be, to ASSOCIATION for the payment of such portion of all assessments, regular or special, which may be levied by ASSOCIATION against the PRIVATE DWELLING of such owner or owners while such party or parties are owner or owners of a PRIVATE DWELLING in the CONDOMINIUM. In the event that any owner or owners are in default in payment of any assessment or installment thereof against his, her or their PRIVATE DWELLING owed to ASSOCIATION, such owner or owners of any PRIVATE DWELLING shall be personally liable, jointly and severally, for interest on such delinquent assessment or installment thereof as above provided, and for all costs of collecting such assessment or installment thereof and interest thereon, including a reasonable attorney's fee, whether suit be brought or not.

I) No owner of a PRIVATE DWELLING may exempt himself from liability for any assessment levied against such owner and his or her PRIVATE DWELLING, or by waiver of the use or enjoyment of any of the COMMON PROPERTY, or by abandonment of the PRIVATE DWELLING or in any other way.

J) The ASSOCIATION is hereby granted a lien upon such PRIVATE DWELLING and its appurtenant undivided interest in COMMON PROPERTY securing the moneys due for all assessments now or hereafter levied against the owner of each PRIVATE DWELLING, which lien shall also secure interest, if any, which may be due on the amount of any delinquent assessments owing to ASSOCIATION, and all costs and expenses, including a reasonable attorney's fee, which may be incurred by ASSOCIATION in enforcing the lien upon said PRIVATE DWELLING and its appurtenant undivided interest in COMMON PROPERTY. The lien granted to ASSOCIATION may be foreclosed in the name of ASSOCIATION in the same manner as real estate mortgages may be foreclosed in the State of Florida, and in any suit for foreclosure of said lien, if the Unit owner remains in possession of the Unit, the Court, in its discretion, may require the Unit owner to pay a reasonable rental for the Unit and ASSOCIATION shall be entitled to the appointment of a receiver to collect the rent. The rental required to be paid shall be equal to the rental charged on comparable dwelling units in the County in which the CONDOMINIUM is located. The lien granted to ASSOCIATION shall further secure such advances for taxes, and payment on account of superior mortgages, liens or encumbrances which may be required to be advanced by ASSOCIATION in order to preserve and protect its lien, and ASSOCIATION shall further be entitled to interest at the highest lawful rate on any such advances made for such purpose. All persons, firms or corporations who shall acquire, by whatever means, any interest in the ownership of any PRIVATE DWELLING or who may be given or acquire a mortgage, lien or other encumbrance thereon, is hereby placed on notice of the lien rights granted to ASSOCIATION, and shall acquire such interest in any PRIVATE DWELLING expressly subject to such lien rights.

K) The lien herein granted to ASSOCIATION shall be effective from the time of recording a claim of lien in the Public Records of Dade County, Florida, stating the description of the PRIVATE DWELLING encumbered thereby, the name of the record owner, the amount due and the dates when due, and the lien shall continue in effect for only one (1) year after the claim of lien has been recorded unless, within that time, an action to enforce the lien is commenced in a court of competent jurisdiction. Such claims of lien shall include only assessments which are due and payable when the claim of lien is recorded, plus interest, costs, attorney's fees, advances to pay taxes and prior encumbrances and interest thereon, all as above provided. Such claims of lien shall be signed and verified by an officer or agent of ASSOCIATION. Any lien for assessments becoming payable on or after the date of recordation of any mortgage encumbering a Private Dwelling shall be subordinate to that

OFF. 1344 PG 1874

mortgage.  Upon full payment of all sums secured by such claim of lien, ASSOCIATION shall deliver to the owner of the PRIVATE DWELLING affected a recordable satisfaction of said claim of lien.

In the event that any party shall acquire title to any PRIVATE DWELLING and its appurtenances by virtue of any foreclosure or judicial sale, such party so acquiring title shall only be liable and obligated for assessments accruing and becoming due and payable for said PRIVATE DWELLING subsequent to the date of acquisition of such title, except for those assessments secured by a claim of lien recorded prior to the recording of the foreclosed mortgage or lien and shall not be liable for the payment of any other assessments which were in default and delinquent at the time said party acquires such title.  In such case the PRIVATE DWELLING shall stand relieved of the lien of any prior assessment not secured by a claim of lien recorded prior to the recording of the foreclosed mortgage or lien.  In the event of the acquisition of title to a PRIVATE DWELLING by foreclosure or judicial sale, any assessment or assessments as to which the party so acquiring title shall not be liable shall be absorbed and paid by all owners of all PRIVATE DWELLINGS as a part of the common expense, although nothing herein contained shall be construed as releasing the party liable for such delinquent assessment from the payment thereof or the enforcement of collection of such payment by means other than foreclosure.

L)  Whenever any PRIVATE DWELLING is leased, sold or mortgaged by the owner thereof, which lease or sale shall be concluded only upon compliance with other provisions of this Declaration of Condominium, ASSOCIATION, upon written request of the owner of such PRIVATE DWELLING, shall furnish to the proposed lessee, purchaser or mortgagee, a statement verifying the status of payment of any assessment which shall be due and payable to ASSOCIATION by the owner of such PRIVATE DWELLING.  Such statement shall be executed by an Officer of the ASSOCIATION, and any lessee, purchaser or mortgagee may rely upon such statement in concluding the proposed lease, purchase or mortgage transaction, and ASSOCIATION shall be bound by such statement.

M)  In addition, the ASSOCIATION shall have such other rights and remedies with regard to assessments and the enforcement and collection thereof as are provided by law from time to time.

N)  Notwithstanding anything herein provided to the contrary, DEVELOPER shall be excused from the payment of assessments on the PRIVATE DWELLINGS to which it holds title during the period of time that DEVELOPER shall have guaranteed in the Prospectus required by the Condominium Act of the State of Florida that the assessment for Common Expenses of the Condominium imposed upon the owners of the PRIVATE DWELLINGS will not increase over a stated dollar amount and that DEVELOPER will pay any amount of common expenses incurred during that period not produced by the assessments at the guaranteed level receivable from other owners of PRIVATE DWELLINGS.  This provision shall not apply unless such guarantee is made in the Prospectus.

In the event that a PRIVATE DWELLING is to be leased, sold or mortgaged at the time when payment of any assessment against the owner of said PRIVATE DWELLING and such PRIVATE DWELLING due to ASSOCIATION shall be in default (whether or not a claim of lien has been recorded by ASSOCIATION), then the rent, proceeds of such purchase or mortgage proceeds, shall be applied by the lessee, purchaser or mortgagee first to payment of any then delinquent assessment or installments thereof due to ASSOCIATION before the payment of any rent, proceeds of purchase or mortgage proceeds to the owner of any PRIVATE DWELLING who is responsible for payment of such delinquent assessment.

In any voluntary conveyance of a PRIVATE DWELLING, the Grantee shall be jointly and severally liable with Grantor for all unpaid assessments against Grantor made prior to the time of such voluntary conveyance, without prejudice to the rights of Grantee to recover from Grantor the amounts paid by Grantee therefor.

Institution of a suit at law to attempt to effect collection of the payment of any delinquent assessment shall not be deemed to be an election by ASSOCIATION which shall prevent its thereafter seeking enforcement of the collection of any sums remaining owing to it by foreclosure, nor shall proceeding by foreclosure to attempt to effect such collection be deemed to be an election precluding the institution of suit at law to attempt to effect collection of any sum then remaining owing to it.

-16-



CFN 2012R0390506
OR Bk 28134 Pg 1737; (1pg)
RECORDED 06/04/2012 10:41:19
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## CLAIM OF LIEN

This is a Claim of Lien for unpaid assessments and interest on those assessments, together with attorney's fees and reasonable Costs of collections incurred by Kenland Walk IV Condominium Association, Inc. incident to the collection of assessments or enforcement of this lien, which is granted by the governing documents of Kenland Walk IV Condominium Association upon the following legally described property in Miami-Dade County, Florida, to wit:

**8811 SW 123 CT #102**
**MIAMI, FL 33186**

UNIT NO 102   BUILDING 1, OF KENLAND WALK CONDOMINIUM IV, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, DATED OCTOBER 5, 1987, FILED OCTOBER 16, 1987, IN OFFICIAL RECORD BOOK 13446, PAGE 1859 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY FLORIDA; INCLUDING AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO.

The name(s) of the record owner(s) of the above-described property is/are: **LILIANA ARRAZOLA**

The name and address of the association is Kenland Walk IV Condominium Association, Inc. a Florida corporation not for profit, c/o Allied Property Group 12350 SW 132 Court Suite 114, Miami, FL 33186. The amount due as of  May 1st, 2012 is $ 13,721.27 plus additional assessments as they become due together with interest, late charges, attorney's fees and reasonable costs of collections incurred by Kenland Walk IV Condominium Association, Inc. The assessments are due from September 2009 through May 2012.

Kenland Walk IV Condominium Association, Inc.

By: _____
Reinaldo Castellanos, Esq.
Attorney in Fact
9960 Bird Rd, Miami, FL 33165

STATE OF FLORIDA            )
                           ) SS
COUNTY OF MIAMI-DADE   )

The foregoing instrument was acknowledged before me this 16th day of May, 2012, by Reinaldo Castellanos, Esq. as the Agent of Kenland Walk IV on behalf of the corporation

CHARITY CASTRO
MY COMMISSION # DD 852003
EXPIRES: January 20, 2013
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, STATE OF FLORIDA
MY COMMISSION EXPIRES



EXHIBIT
B

This instrument was prepared by:
Reinaldo Castellanos, Esq, 9960 Bird Road, Miami, Florida 33165 305-223-8744

LAW OFFICES OF

# REINALDO CASTELLANOS

### A PROFESSIONAL ASSOCIATION

April 4th, 2011

ASSESSMENTS TO

| April 1st, 2011 (10/09 TO 04/11) | $ 5,801.92 |
|---|---|
| Late Fee on Monthly Assessments | $    475.00 |
| Interest on Monthly Assessments | $    811.75 |
| Special Assessments (09/09 to 05/10) | $    416.40 |
| Interest on Special Assessments | $      98.90 |
| Special Assessments (09/09 to 08/10) | $ 2,944.17 |
| Interest on Special Assessments | $ 1,601.11 |
| Special Assessments (09/10 to 11/10) | $    519.42 |
| Interest on Special Assessments | $    121.23 |
| Association Collection Costs | $    796.08 |
| Attorneys Fee | $ 1,311.50 |
| **TOTAL DUE** | $14,897.48 |

**Certified & Regular Mail**
LILIANA ARRAZOLA
8811 SW 123 CT #102
MIAMI, FL 33186

RE:    **Kenland Walk IV Condominium Association**
       **8811 SW 123 CT #102, Miami, FL 33186**

Dear Ms. Arrazola:

The undersigned law firm represents Kenland Walk IV Condominium Association, Inc. Enclosed please find a copy of the Lien that was sent to be filed against the above referenced unit at Kenland Walk IV Condominium Association as a result of your failure to pay the assessments.

Please be advised that if this Lien is not satisfied within thirty (30) days from the date of this letter, a foreclosure action may be filed against your unit without further notice.  The foreclosure proceeding may be very costly to you and it is in your best interest to satisfy the Lien now.

To satisfy the Lien and have it removed from your property, you are responsible for the amount due as shown on the Lien plus interest and any additional assessments and late charges that have accrued since the execution of the Lien.  You are also responsible for the attorney's fees and costs incurred including: recording the Lien, recording the Release of Lien, certified mail and an owner search.

Please be further advised that any partial payment tendered subsequent to the date of this letter shall be first applied toward interest, late fees, and attorney's costs and fees incurred by Kenland Walk IV Condominium Association, Inc. in connection with the collection of the assessments; and finally toward the unpaid assessments owed to the Association.

Please be advised that this debt will be assumed to be valid unless you dispute the validity of the amount due as set forth above, or any portion thereof, in writing, within thirty days of your receipt of this letter.  If you notify the undersigned in writing within the thirty-day

9960 BIRD ROAD, MIAMI, FLORIDA 33165 ~ TEL. (305) 223-8744 ~ FAX. (305) 223-8722


EXHIBIT
C

LILIANA ARRAZOLA
8811 SW 123 CT # 102
April 4, 2011
Page 2

period that the amount due, or any portion thereof, is disputed, we will obtain a verification of the amount from the Association and a copy of such verification will be mailed to you.

This thirty-day period does not alter, waive, or otherwise affect the deadline for payment set forth above.

**PAYMENT MUST BE MADE BY CASHIER'S CHECK, CERTIFIED CHECK OR MONEY ORDER MADE PAYABLE TO REINALDO CASTELLANOS, P.A. TRUST ACCOUNT.**

Should you have any questions concerning this collection, you may contact the undersigned at (305) 223-8744 or at our Collection Dept. at (305) 831-6765.

Thank you for your prompt attention to this matter.

Very truly yours,

REINALDO CASTELLANOS, P.A.

REINALDO CASTELLANOS
For the Firm

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

RC/msc

cc:    Kenland Walk IV Condominium Association, Inc.
       Regular Mail

9960 BIRD ROAD, MIAMI, FLORIDA 33165 ~ TEL. (305) 223-8744 ~ FAX. (305) 223-8722

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 12-31155 CA 25

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC.,
     Plaintiff,

v.

LILIANA ARRAZOLA, *et al.*,
     Defendants.
_____/

LILIANA ARRAZOLA,
     Counterclaimant,

v.

KENLAND WALK IV CONDOMINIUM
ASSOCIATION, INC.,
     Counterclaim Defendant.
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Liliana Arrazola ("Arrazola") serves her answer, affirmative defenses and counterclaim to the complaint filed by the Plaintiff, Kenland Walk IV Condominium Association, Inc. ("Association").

### ANSWER

1.     Admits the allegations in paragraph 1.

2.     Admits the allegations in paragraph 2.

3.     Admits the allegations in paragraph 3.

1

4.      Admits that Plaintiff seeks such relief, but denies that Plaintiff is entitled to relief. Denies all other allegations in paragraph 4.

5.      Denies the allegations in paragraph 5.

6.      Answering paragraph 6, is without knowledge as to the reasonableness of counsel's fee, and denies all other allegations.

7.      Denies the allegations in paragraph 7.

8.      Denies the allegations in paragraph 8.

9.      Denies the allegations in paragraph 9.

10.     Denies the allegations in paragraph 10.

11.     Denies the allegations in paragraph 11.

12.     Answering paragraph 6, is without knowledge as to the reasonableness of counsel's fee, and denies all other allegations.

<u>**AFFIRMATIVE DEFENSES**</u>

1.      Association is precluded from any relief pursuant to the doctrine of waiver, in that it voluntarily and/or intentionally relinquished, or by its conduct can be inferred to have relinquished the allegedly known right of demanding the charges it is seeking to collect.

2.      Association is precluded from any relief pursuant to the doctrine of estoppel, because Arrazola reasonably relied to her detriment on Association's words or omissions, or its conduct, acts and acquiescence: (a) to Association's refusal to accept title to the Property; and (b) to the fact that Arrazola had duly satisfied or was excused from performance regarding any alleged remaining obligations.

3.      Association is barred from any relief pursuant to the doctrine of unclean hands.

4.      Association is barred from any relief pursuant to the doctrine of laches.

2

5.      Association is barred from any relief because the rate of interest it is seeking to charge is usurious pursuant to Florida Statutes Chapter 687, *et seq*.

6.      Association is barred from any relief because the charges it is seeking to recover were discharged pursuant to 11 U.S.C. § 524.

7.      Association's foreclosure action should be stayed pending resolution of Arrazola's claims for declaratory relief and damages.

## COUNTERCLAIM

Defendant/counter plaintiff, Liliana Arrazola ("Arrazola") serves this counterclaim against plaintiff/counter defendant Kenland Walk IV Condominium Association, Inc. ("Association"), and alleges the following:

## JURISDICTION AND VENUE

1.      This is an action for declaratory judgment and for other relief, and for damages in excess of $15,000, exclusive of interest, costs and attorneys' fees.

2.      This court has jurisdiction over this counterclaim because it arises out of the transaction or occurrence that is the subject matter of Association's complaint, and pursuant to Florida Statutes §86.011, because this is a declaratory judgment action, and pursuant to §48.193, because Association does business and has an office in Florida, and because the real property at issue is located within Florida.  Venue is proper pursuant to Florida Statutes §47.011 because Association resides in Miami-Dade County, the cause of action accrued in this county, and the property at issue in the litigation is located in this county.

## THE PARTIES

3.      Arrazola is a resident of the State of Florida.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

4.      Association is a Florida non-for-profit corporation, organized pursuant to the provisions of Florida Statutes 718 et seq. for the purposes of operating Kenland Walk Association, Inc.

**FACTS**

5.      On March 12, 2009 (the "Petition Date"), Arrazola filed a voluntary Chapter 7 petition (the "Bankruptcy Case").

6.      On June 19, 2009, Arrazola filed her Amended Individual Debtor's Statement of Intention [ECF No. 19] evidencing her intent to surrender her homestead, a condominium unit located at 8811 S.W. 123rd Court, Apartment 102, Miami, Florida 33186 (the "Property"). At or around the same time, Arrazola attempted to turnover physical possession of the Property to the Association.

7.      On June 22, 2009, the Bankruptcy Court entered an order discharging Arrazola under section 727 of title 11 of the United States Code and on September 20, 2009, the Bankruptcy Court entered its Final Decree, discharging the chapter 7 trustee and closing the Bankruptcy Case.

8.      Some three years later, on or around August 8, 2012, the Association filed the instant foreclosure action against the Property and Arrazola seeking to collect a number of charges.

9.      Over the past three years, Arrazola has repeatedly attempted to sell the Property, with the cooperation of the lender that has a first priority security interest on the Property (the "Short Sale").

10.     In connection with the Short Sale, Arrazola requested an estoppel certificate from the Association.

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

11.    On November 5, 2012, the Association delivered an estoppel certificate ("Estoppel Certificate"), which, *inter alia*, delineates the total amount it seeks to collect against Arrazola. A true and correct copy of the Estoppel Certificate is attached as Exhibit "A."

## COUNT I – VIOLATION OF DISCHARGE INJUNCTION

12.    Arrazola repeats and realleges the allegations in paragraphs 1 through 11.

13.    Pursuant to 11 U.S.C. §§ 524(a)(2) and 727(b), the discharge granted to Arrazola by the Bankruptcy Court operated as an injunction against the commencement or continuation of an action to collect any debts not specifically excepted from discharge pursuant to 11 U.S.C. § 523.

14.    Association authorized, directed and caused the filing of the instant foreclosure action that represented that Association was owed certain charges against the Property.

15.    By filing the foreclosure complaint in an attempt to collect a debt that was discharged, Association violated the discharge injunction provided by 11 U.S.C. §§ 524(a)(2) and 727(b).

16.    By filing the foreclosure complaint, Association has abused the bankruptcy process and its conduct and practices are sanctionable under 11 U.S.C. § 105(a).

WHEREFORE, Arrazola requests that the Court enter judgment:

A.    In favor of Arrazola and against Association on Count I of the Counterclaim;

B.    Permanently enjoining and restraining Association from improperly maintaining collection proceedings against Arrazola that violate section 524;

C.    Imposing appropriate monetary sanction against Association; and

D.    Granting such other and further relief as the Court deems just and proper under the circumstances.

5

## COUNT II - USURY

17.    Arrazola repeats and realleges the allegations in paragraphs 1 through 11.

18.    The charges the Association is seeking to collect in its foreclosure action and Estoppel Certificate are debts as defined in Fla. Stat. § 687 et seq.

19.    The interest the Association is seeking to collect in connection with such charges is at a greater rate of interest than is allowed by law and specifically exceeded the rate of twenty-five percent (25%) per annum, simple interest.

20.    The Association harbored a corrupt or criminal intent at the time the Estoppel Certificate was delivered to extract from Arrazola an amount of interest that exceeded the legal rate and in fact to extract a rate that constituted criminal usury under Florida law.

WHEREFORE, Arrazola requests that the Court enter judgment:

A.    In favor of Arrazola and against Association on Count II of the Counterclaim;

B.    Declaring the debts Association is seeking to collect void *ab initio*;

C.    Awarding damages in favor of Arrazola;

D.    Awarding Arrazola's fees and costs; and

E.    Granting such other and further relief as the Court deems just and proper under the circumstances.

[REMAINING PORTION OF PAGE INTENTIONALLY LEFT BLANK]

6

Respectfully submitted,

STEARNS    WEAVER    MILLER    WEISSLER
ALHADEFF & SITTERSON, P.A.
*Attorneys for Defendant, Liliana Arrazola*
Suite 2200 - Museum Tower
150 West Flagler Street
Miami, Florida 33130
(305) 789-3200 - Telephone
(305) 789-2688 - Facsimile

By: _____

     ERIC J. SILVER
     Florida Bar No. 057262
     esilver@stearnsweaver.com
     DREW M. DILLWORTH
     Florida Bar No. 167835
     ddillworth@stearnsweaver.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail on this 6th day of February, 2013 upon: Reinaldo Castellanos, Esq., Reinaldo Castellanos, P.A., 9960 Bird Road, Miami, FL 33165 (rey@castellanoslaw.com).

_____

     ERIC J. SILVER
     Florida Bar No. 057262
     esilver@stearnsweaver.com
     DREW M. DILLWORTH
     Florida Bar No. 167835
     ddillworth@stearnsweaver.com

#2683319 v1

7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

# EXHIBIT A

LAW OFFICES OF

# REINALDO CASTELLANOS

A PROFESSIONAL ASSOCIATION

November 5, 2012

Via Facsimile: 305-682-0803 & closings@exclusivetitlecompany.com
Exclusive Title Company
333 NW 1st Ave
Fort Lauderdale, FL 33301

RE:    Kenland Walk IV Condominium Association, Inc.
       Property Address: 8811 SW 123 Ct #102
       Property Owner: Liliana Arrazola -File #12-1603

Dear Ms. Espinosa:

        As per your request, following please find a breakdown of the total amount owed by the above-referenced property to the Association.

| | |
|---|---|
| Monthly Assessments from 8/1/09 through 12/1/12 | $11,975.33 |
| Late Fee on Monthly Assessments from 9/1/09 to 11/15/12 | $    900.00 |
| Interest on Monthly Assessments for 8/1/09 to 11/30/12 | $ 3,532.57 |
| Special Assessment from 9/1/09 to 8/1/10 | $    416.40 |
| Interest on Special Assessment from 9/1/09 to 11/30/12 | $    405.60 |
| Special Assessment from  9/1/09 to 5/1/10 | $ 2,944.17 |
| Interest on Special Assessment from 9/1/09 to 11/30/12 | $ 3,829.80 |
| Special Assessment from 8/1/10 to 10/1/10 | $    519.42 |
| Interest on Special Assessment from 8/1/10 to 11/30/12 | $ 1,055.60 |
| Association Collection Cost | $    600.00 |
| Attorney's Fee | $ 4,812.00 |
| **TOTAL AMOUNT DUE** | **$30,990.89** |

11/1/12 Estoppel Fee $250.00 Paid

        All figures are valid through December 7, 2012 and include monthly assessments, interest, late fee, special assessments, interest on special assessment, association collection cost and attorney's fee .

        The recipient of this Estoppel Certificate cannot rely on the figures contained herein after December 7, 2012 as they will no longer be valid.  An updated Estoppel Certificate must be requested to obtain valid figures.

        The monthly assessment for this property, which is located at Kenland Walk IV Condominium Association, is $297.66 which will be due on the first of every month.  A late fee of $25.00 will occur if the property owner pays the monthly assessments after the 15th.

9960 BIRD ROAD, MIAMI, FLORIDA, 33165 † TEL. (305) 223-8744 † FAX. (305) 223-8722

8811 SW 123 Ct #102
November 5, 2012
Page 2

---

### PAYMENT MUST BE MADE BY CASHIER'S CHECK, CERTIFIED CHECK OR MONEY ORDER MADE PAYABLE TO:
### REINALDO CASTELLANOS, P.A. TRUST ACCOUNT

       If you have any questions or need any further information, please do not hesitate to contact the undersigned.

Very truly yours,

**REINALDO CASTELLANOS, P.A.**

**REINALDO CASTELLANOS**
For the firm

**Pursuant to the Fair Debt Collection Practices Act, it is required that we state the following to you: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector".**

RC/rgb

CC: Kenland Walk IV Condominium Association, Inc.